VAN VALKENBURGH AND ANOTHER, *Assignees of* MAGEE, *against*
ELMENDORF, *Gent. one, &c.*

Where three assignees have been appointed under the insolvent act of the 3d *April,* 1811, (since repealed) one of whom refuses to act, and no other is appointed in his stead, the two who enter upon the execution of the trust may maintain actions for debts due to the insolvent in their own names without joining the third.

THIS was a motion to set aside the report of referees appointed by a rule of court, in an action of assumpsit brought by the plaintiffs, as assignees, under the insolvent act of April, 1811, of *Magee,* an insolvent debtor. At the hearing, at *Catskill,* in the county of *Greene,* the plaintiffs gave in evidence the proceedings relating to the discharge of *Magee,* by which it appeared, that *J. Pinckney,* the commissioner under that act, for the county of *Greene,* had ordered an assignment of the insolvent's estate to the plaintiffs, in conjunction with one *Henry M'Kinstry;* that an assignment was made to the three, but that the plaintiffs only had acted, *M'Kinstry* having refused to act. The defendant objected to the plaintiffs' claim, on the ground that, as the assignment was made to *M'Kinstry,* together with the plaintiffs, they could not maintain the suit in their own names alone. The objection, however, was overruled, and the referees reported in favour of the plaintiffs.

*Van Vechten,* for the defendant.

*Cantine,* contra.

*Per Curiam.* By the first section of the act "for the benefit of insolvent debtors and their creditors," passed 3d April, 1811, the commissioner is directed to order an assignment of the debtor's estate "*to three discreet and sufficient persons,*" naming them. By the 4th section of that act, it is directed, that upon "producing a certificate under the hands and seals of the assignees, or any two of them," that the debtor has executed an assignment of all his estate, &c. then the commissioner shall discharge the debtor: and, by the 17th section of the same act, it is provided, "that a majority of the assignees in any case to be appointed, as in and by this act is directed, shall have power and authority to do all acts and perform all duties required of such assignees."

We incline to the opinion, that a true construction of that act is, that the commissioner shall appoint *three* persons as as-

signees; but that *any two* of them, by executing the certificate, and accepting the trust, are competent to perform all the duties. The law does not seem to require that there shall be three acting trustees. It is made the duty of the commissioner to make a new appointment as often as a vacancy occurs among the assignees; but in this case the vacancy occasioned by the refusal of *M'Kinstry* was not supplied by a new appointment, and the office of commissioner was abolished before this suit was instituted. So that if the *two assignees* cannot act, the trust must remain unexecuted. It accords with the *letter*, and, we think, with the *spirit*, of the statute, to uphold the acts of *two* of the assignees, where a *third* has been regularly appointed, and refuses to act.

The motion to set aside the report must be denied.

<div align="right">

Motion denied.